JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Graphic Arts Mutual Insurance Company

## DEFENDANTS
Lower Merion School Distsrict, The Board of Directors of Lower Merion School District, Christopher W. McGinley, Superintendent of Lower Merioin School District, and Blake J. Robbins, a minor, by his Parents and Natural Guardians, Michael E. Robbins and Holly S. Robbins

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

R. Bruce Morrison, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street, 18th Floor
Philadelphia, PA 19103
(215) 575-2624

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332; 28 U.S.C. §2201

Brief description of cause:
Declaratory Judgment Action

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

American LegalNet, Inc.
www.FormsWorkflow.com

| VIII. RELATED CASE(S) IF ANY | (See instructions): | | |
|---|---|---|---|
| | JUDGE DuBois | | DOCKET NUMBER 2:10-cv-665-JD |
| DATE April 16, 2010 | SIGNATURE OF ATTORNEY OF RECORD | | |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| GRAPHIC ARTS MUTUAL INS. CO. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| LOWER MERION SCHOOL DISTRICT, ET AL | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus-Cases brought under 28 U.S.C. §2241through §2255. ( )

(b) Social Security-Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos-Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management-Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management--Cases that do not fall into any one of the other tracks. (X)

R. Bruce Morrison

April 16, 2010 _____ _____
Date            Attorney-at-law         Attorney for Plaintiff

(215) 575-2624        (215) 575-0856        rbmorrison@mdwcg.com
Telephone             FAX Number            E-Mail Address

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff  Graphic Arts Mutual Ins. Co., 180 Genesee St., New Hartford, NY 13413-2700

Address of Defendant  
Lower Merion School District, 301 East Montgomery Ave., Ardmore, PA 19003  
The Board of Directors of Lower Merion School District, 301 E. Montgomery Ave., Ardmore, PA 19003  
Christopher W. McGinley, 301 E. Montgomery Ave., Ardmore, PA 19003  
Blake Robbins, a minor, and his parents and natural guardians, Michael E. Robbins and Holly S. Robbins, 437 Hidden River Road, Penn Valley, PA 19072

Place of Accident, Incident or Transaction   Lower Merion Township

*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?  
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☒   No ☐

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☐

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☒   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?
   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☐

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

| A. | Federal Question Cases: | B. | Diversity Jurisdiction Cases |
|---|---|---|---|
| 1. ☐ | Indemnity Contract, Marine Contract, and All Other Contracts | 1. ☒ | Insurance Contract and Other Contracts |
| 2. ☐ | FELA | 2. ☐ | Airplane Personal Injury |
| 3. ☐ | Jones Act-Personal Injury | 3. ☐ | Assault, Defamation |
| 4. ☐ | Antitrust | 4. ☐ | Marine Personal Injury |
| 5. ☐ | Patent | 5. ☐ | Motor Vehicle Personal Injury |
| 6. ☐ | Labor-Management Relations | 6. ☐ | Other Personal Injury (Please specify) |
| 7. ☐ | Civil Rights | 7. ☐ | Products Liability |
| 8. ☐ | Habeas Corpus | 8. ☐ | Products Liability – Asbestos |
| 9. ☐ | Securities Act(s) Cases | 9. ☐ | All other Diversity Cases |
| 10. ☐ | Social Security Review Cases | | (Please specify) |
| 11. ☐ | All other Federal Question Cases | | |
| | (Please specify) | | |

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

R. Bruce Morrison  
I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief, other than monetary damages is sought.

DATE  4/16/2010       R. Bruce Morrison                 34797  
                      Attorney-at-Law                    Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

CIV. 609 (6/08)

DATE _____                                                                                   _____              _____
                                                                                                                                         Attorney-at-Law                                                      Attorney I.D. #

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRAPHIC ARTS MUTUAL INSURANCE COMPANY : | |
| : | CIVIL ACTION |
| vs. : | |
| : | |
| LOWER MERION SCHOOL DISTRICT, THE BOARD : | NO. |
| OF DIRECTORS OF LOWER MERION SCHOOL : | |
| DISTRICT, CHRISTOPHER W. MCGINLEY, : | |
| Superintendent of Lower Merion School District, and : | |
| BLAKE J. ROBBINS, a minor, by his Parents and : | |
| Natural Guardians, MICHAEL E. ROBBINS and : | |
| HOLLY S. ROBBINS : | |

**DISCLOSURE STATEMENT OF GRAPHIC ARTS MUTUAL INSURANCE COMPANY**

In accordance with Federal Rules of Civil Procedure 7.1, plaintiff, Graphic Arts Mutual Insurance Company submits as follows:

1. Graphic Arts Mutual Insurance Company is a subsidiary of parent company, Utica National Insurance Group.

2. Graphic Arts Mutual Insurance Company is not a publicly owned company.

PLAINTIFF

GRAPHIC ARTS MUTUAL INS. CO.

BY: _____

R. BRUCE MORRISON, ESQUIRE
Attorney for Plaintiff,
Graphic Arts Mutual Insurance Company
Atty. ID. No. 34797
1845 Walnut Street, 18th Floor
Philadelphia, PA 19103
(215) 575-2624
rbmorrison@mdwcg.com

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GRAPHIC ARTS MUTUAL INSURANCE COMPANY : 
: CIVIL ACTION
vs. :
:
LOWER MERION SCHOOL DISTRICT, THE BOARD : NO.
OF DIRECTORS OF LOWER MERION SCHOOL :
DISTRICT, CHRISTOPHER W. MCGINLEY, :
Superintendent of Lower Merion School District, and :
BLAKE J. ROBBINS, a minor, by his Parents and :
Natural Guardians, MICHAEL E. ROBBINS and :
HOLLY S. ROBBINS :

## COMPLAINT FOR DECLARATORY JUDGMENT

### I. THE PARTIES

1. Plaintiff, Graphic Arts Mutual Insurance Company (hereinafter "Graphic Arts") is a corporation incorporated under the laws of the State of New York with its principal place of business in New Hartford, New York, and is authorized to transact the business of insurance in the Commonwealth of Pennsylvania.

2. Defendant, Lower Merion School District ("the School District") is a municipal corporation created and operated in the Commonwealth of Pennsylvania with a principal place of business at 301 East Montgomery Avenue, Ardmore, Pennsylvania, 19003.

3. Defendant, Board of Directors of the Lower Merion School District ("the Board") is believed and therefore averred to be the nine (9) member board elected to act as a corporate body to fulfill the School District's obligation to provide public education. It is further believed and therefore averred that the Board can be contacted through its Secretary, Fran Keaveney, also with the address at 301 East Montgomery Avenue, Ardmore, Pennsylvania 19003.

4. Defendant, Christopher W. McGinley, (hereinafter "McGinley"), is the Superintendent of Schools for the District, and the Administrator appointed by the Board to supervise and manage the day-to-day operation of the School District. As the Superintendent, Mr. McGinley is believed and therefore averred to be responsible for the implementation of the policies, procedures and practices instituted by the Board. Mr. McGinley is believed and averred to be a citizen and resident of the Commonwealth of Pennsylvania. Currently he can be reached at 301 East Montgomery Avenue, Ardmore, PA 19003.

5. Defendants, Blake Robbins, a minor, and his parents and natural guardians, Michael E. Robbins and Holly S. Robbins, (hereinafter "the Robbins"), are citizens and residents of the Commonwealth of Pennsylvania residing at 437 Hidden River Road, Penn Valley, Pennsylvania 19072-1112.

## II. JURISDICTION AND VENUE

6. Jurisdiction in this case is based on 28 U.S.C. §1332.

7. Venue is proper in this District as the defendants all reside and/or conduct their business in this District and all of the operative events occurred within the District.

8. The matter in controversy exclusive of interest and costs exceeds the sum of $75,000.00.

9. Plaintiff brings this declaratory judgment action pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57.

## III. FACTS

10. Graphic Arts issued to the Lower Merion School District a Commercial General Liability Insurance policy, policy # CPP 1672167, ("the Policy"), effective for policy period July

1, 2009 to July 1, 2010, with a Personal and Advertising Injury Limit of $1,000,000.00. A true and correct copy of the Policy is attached hereto as Exhibit "A". For convenient reference to the policy, Exhibit A has been Bates-stamped as POL 0001 et seq.

11. On February 16, 2010, the Robbins filed a Compliant against the School District, the Board and Superintendent McGinley (collectively "the School District Defendants"). That action is pending in this Honorable Court styled as Robbins, et al v. Lower Merion School District, et al., Civil Action # 2:10-CV-665-JD. A true and correct copy of the Robbins Complaint is attached hereto as Exhibit "B".

12. Once it was served upon the School District Defendants, the Robbins Complaint was tendered by or on behalf of the School District Defendants to Graphic Arts seeking insurance coverage, including a defense and indemnity, for the claim under the Policy.

13. In response to the School District's tender of the Robbins Complaint, Graphic Arts has issued to the School District Defendants a reservation of rights which asserts the insurer's position that the Robbins' Compliant is not within the scope of coverage afforded by the Policy, informs the District of the insurer's intent to seek this coverage declaration, and agrees to assist in the funding of the School District Defendants' defense of the Robbins lawsuit pending a judicial declaration adjudicating the insurance coverage dispute.

14. There exists a present case and controversy between the School District Defendants and Graphic Arts over whether the insurer owes a duty to defend or a duty to indemnify the School District Defendants in connection with the Robbins' lawsuit against them.

### IV.       THE ROBBINS COMPLAINT

15. The Robbins Complaint is filed on behalf of a putative class consisting of the Robbins Defendants "and all other students of Harriton High School and Lower Merion High School who

have been issued by the School District a laptop computer with a webcam, together with their families." The Complaint also alleges certain exclusions from class membership not pertinent herein. See Robbins Complaint, Exhibit B, para. 12.

16. The Robbins Complaint seeks damages allegedly caused to the Robbins and other class members by the School District Defendants' "invasion of Plaintiff's privacy, theft of plaintiffs' private information and unlawful interception of and access to acquired and exported data and other stored electronic communications" in violation of several statutes, the Fourth Amendment to the United States Constitution, and Pennsylvania common law. id., para. 1,3.

17. More specifically, the Complaint contains several paragraphs detailing the conduct upon which the claims against the School District Defendants are based, including but not limited to the following allegations:

> 2. Unbeknownst to Plaintiffs and the members of the Class, and without their authorization, Defendants have been spying on the activities of Plaintiffs and Class members by Defendants' indiscriminant use of and ability to remotely activate the webcams incorporated into each laptop issued to students by the School District. The continuing surveillance of Plaintiffs' and the Class members' home use of the laptop issued by the School District, including the indiscriminant remote activation of the webcams incorporated into each laptop, was accomplished without the knowledge or consent of the Plaintiffs or the members of the Class.

> * * * *

> 12. Plaintiffs bring this action as a Class Action under Rules 23(a), 23(b)(1), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a Class consisting of Plaintiffs and all other students of Harriton High School and Lower Merion High School who have been issued by the School District a laptop computer equipped with a webcam, together with their families. Excluded from the Class are the Defendants herein, any subsidiary of any of the Defendants, any family members of the Defendants who attend either high school, all employees and directors of Defendants or any subsidiary, and their legal representative, heirs, successors or assigns of any such excluded person or entity.

* * * *

22. An examination of all of the written documentation accompanying the laptop, as well as any documentation appearing on any website or handed out to students or parents concerning the use of the laptop, reveals that no reference is made to the fact that the school district has the ability to remotely activate the embedded webcam at any time the school district wished to intercept images from that webcam of anyone or anything appearing in front of the camera at the time of the activation.

23. On November 11, 2009, Plaintiffs were for the first time informed of the above-mentioned capability and practice by the School District when Lindy Matsko ("Matsko), an Assistant Principal at Harriton High School, informed minor Plaintiff that the School District was of the belief that minor Plaintiff was engaged in improper behavior in his home, and cited as evidence a photograph from the webcam embedded in minor Plaintiff's personal laptop issued by the School District.

24. Michael Robbins thereafter verified, through Ms. Matsko, that the School District in fact has the ability to remotely activate the webcam contained in a students' personal laptop computer issued by the School District at any time it chose and to view and capture whatever images were in front of the webcam, at without the knowledge, permission or authorization of any persons then and there using the laptop computer.

25. Additionally, by virtue of the fact that the webcam can be remotely activated at any time by the School District, the webcam will capture anything happening in the room in which the laptop computer is located, regardless of whether the student is sitting at the computer and using it.

26. Defendants have never disclosed either to the Plaintiffs or to the Class members that the School District has the ability to capture webcam images from any location in which the personal laptop computer was kept.

* * * *

38. Defendants' actions complained of herein were conscious, intentional, wanton and malicious, entitling Plaintiffs and the other members of the Class to an award of punitive damages.

See Robbins Complaint, Ex. B.

18. Based upon those core operative allegations, the putative Robbins class pleads seven claims against the School District Defendants:

| | |
|---|---|
| Count I – | Interception of Electronic Communications under the Electronic Communications Protections Act (ECPA): |
| Count II - | Theft of Intellectual Property under the Computer Fraud and Abuse Act (CFAA); |
| Count III - | Violation of the Stored Communications Act (SCA); |
| Count IV - | Violations of the Civil Rights Act, 42 U.S.C. §1983; |
| Count V- | Invasion of Privacy under the U.S. Constitution, Fourth Amendment; |
| Count VI - | Violation of the Pennsylvania Wiretapping and Electronic Surveillance Act (PWESA); and |
| Count VII - | Invasion of Privacy under the Pennsylvania Common Law. |

### V.     **THE POLICY PROVISIONS**

19. The School District Policy issued by Graphic Arts includes multiple sections and coverages, including but not limited to liability coverage sections for Bodily Injury and Property Damage Liability (SECTION I, COVERAGE A) and for Personal and Advertising Injury Liability (SECTION I, COVERAGE B). (POL 0082, POL 0085).

20. Certain of the terms, provisions and exclusions set forth in the main Commercial General Liability Coverage Form (CG 00 01 10 93) are modified, amended or replaced by certain endorsements contained in the Policy, including inter alia the Educational Institution Coverage Endorsement (form 8-E-1687 (PA) Ed. 01-2004), the School Endorsement-Personal Injury (Form 8-E-3146 Ed. 1-2000), the General Liability Revision Endorsement (Form 8-E-

3390 Ed. 7-2002, and the Exclusion – Recording and Distribution of Material or Information in Violation of Law Endorsement (Form 8-E-3673 Ed. 05-2009).

21. The claims pleaded on the face of the Robbins Complaint do not state any claims for "bodily injury" or "property damage" as those terms are defined in the Policy. (POL 0090, POL0092).

22. The Insuring Agreement for COVERAGE B. PERSONAL AND ADVERTISING LIABILITY is set forth in the main COMMERCIAL GENERAL LIABILITY COVERAGE FORM, and provides as follows:

> 1.   Insuring Agreement.
>
>> a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "occurrence" or offense and settle any claim or "suit" that may result. But:
>>
>> (1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and
>>
>> (2) Our right and duty to defend and when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.
>>
>> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.

(POL 0085).

23. The definition of the term "personal injury" as it appears in the Insuring Agreement quoted above is modified in two of the endorsements identified above, including the General

Liability Revision Endorsement (POL 0075 et seq.) and the Educational Institution Coverage Endorsement. (POL 0028 et seq.)

24. In the General Liability Revision Endorsement, the Policy states:

### GENERAL LIABILITY REVISION ENDORSEMENT

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

The following changes supersede any other provision to the contrary. In the event that your policy includes other provisions which modify the Commercial General Liability Coverage Form, those other provisions will apply, but only to the extent that they do not conflict with these changes.

\* \* \*

D. "Personal injury" is replaced by the following:

"Personal injury" means injury, other than "bodily injury", arising out of one or more of the following offenses:

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

e. Oral or written publication, in any manner, of material that violates a person's right of privacy.

(POL 0075, POL0078).

25. In the Educational Institution Coverage Endorsement, the Policy states:

### EDUCATIONAL INSTITUTION COVERAGE ENDORSEMENT

This endorsement modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

With respect to the operation of any educational institution by you or on your behalf the insurance is amended as follows:

* * *

T.     **PERSONAL INJURY LIABILITY EXTENSION:**

The definition of "Personal Injury" means injury including mental anguish, shock or humiliation; other than "bodily injury"; arising out of one or more of the following offenses:

3.     Wrongful entry into, or eviction of a person from, a room, dwelling or premises that the person occupies.

5.     Oral or written publication of material that violates a person's right of privacy;...

(POL 0028, POL 0037).

26. Pursuant to the express prefatory language of the General Liability Revision Endorsement, the definitions of Personal Injury contained in the Educational Institution Coverage Endorsement apply only to the extent that they do not conflict with the definitions of Personal Injury provided in the General Liability Revision Endorsement. (POL 0075)

27. To the extent, then, that sub-parts T.3 and T.5 from the Educational Institution Coverage Endorsement conflict with sub-parts D.c and D.e from the General Liability Revision Endorsement respectively, then those latter sub-parts apply.

28. Notwithstanding, but without waiving, the foregoing, even if the insured School District Defendants were given the benefit of all four of the sub-parts of the Personal Injury definition quoted above, neither the claims set forth on the face of the Robbins Complaint nor the facts alleged in the Complaint as the basis for those claims fall within any of those four defined offenses included in the Policy's personal injury coverage.

29. In addition to, and not in derogation of, the foregoing, the Policy contains certain exclusions which are or may be applicable to the Robbins claims against the School District Defendants.

30. In the endorsement entitled School Endorsement – Personal Injury, the Policy states:

> 2. Exclusions
>
> This insurance does not apply to:
>
> a. "Personal injury" or "advertising injury":
>
> (1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal injury" or "advertising injury."

(POL 0027.)

31. In the endorsement entitled Exclusion – Recording and Distribution of Material or Information in Violation of Law, the Policy states:

> The insurance provided under Section I – Coverage A – Bodily Injury and Property Damage Liability and Coverage B – Personal Injury and Advertising Injury Liability does not apply to any claim or "suit" arising out of or resulting from any action or omission that violates or is alleged to violate:
>
> (4) Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits or limits the printing, dissemination, disposal, collecting, records, sending, transmitting, communicating or distribution of material or information.

(POL 0069.)

32. In addition to, and not in derogation of the foregoing, the law of the Commonwealth recognizes that it is against public policy to provide liability insurance coverage for punitive damages imposed upon an insured defendant.

WHEREFORE, and based upon a comparison of the facts appearing on the face of the Robbins Complaint and the terms and provisions of the Commercial General Liability Insurance Policy issued by Graphic Arts to the Lower Merion School District, Graphic Arts prays this Court for a judicial declaration pursuant to 28 U.S.C. §2201 declaring that:

1. The claims asserted in the Robbins Complaint against the School District Defendants are outside the scope of the Personal Injury coverage contained in the Graphic Arts policy issued to the School District;

2. Graphic Arts has no duty to defend the School District Defendants in connection with the Robbins' lawsuit pending in this Court at Civil Action No. 2:10-CV-665-JD;

3. Graphic Arts has no duty to indemnify the School District Defendants in connection with the Robbins' lawsuit pending in this Court at Civil Action No. 2:10-CV-665-JD; and

4. Enter such other relief as the Court deems appropriate under the facts alleged in the Robbins Complaint, the terms and provisions of the Policy, and the law.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: _____
R. BRUCE MORRISON, ESQUIRE
Attorney for Plaintiff,
Graphic Arts Mutual Insurance Company
Atty. ID. No. 34797
1845 Walnut Street, 18th Floor
Philadelphia, PA 19103
(215) 575-2624
rbmorrison@mdwcg.com

01/5676041.v1