## IN THE UNITED STATES DISTRICT COURT
## FOR THE  EASTERN DISTRICT OF PENNSYLVANIA

GRAPHIC ARTS MUTUAL INSURANCE
COMPANY,

        Plaintiff,

        v.

LOWER MERION SCHOOL DISTRICT, *et al.*,

        Defendants.

:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION
No. 2:10-cv-01707

## ANSWER AND COUNTERCLAIM OF DEFENDANTS LOWER MERION SCHOOL DISTRICT, LOWER MERION SCHOOL DISTRICT BOARD OF SCHOOL DIRECTORS, AND CHRISTOPHER W. MCGINLEY

Defendants, Lower Merion School District, Lower Merion School District Board of School Directors, and Christopher W. McGinley (collectively, "Lower Merion Defendants"), by and through their undersigned counsel, hereby answer the Complaint filed by Plaintiff, Graphic Arts Mutual Insurance Company ("Graphic Arts"), in the above-captioned action as follows:

## I.    THE PARTIES

1.    Admitted.

2.    Admitted.  Lower Merion Defendants clarify that Lower Merion School District (the "School District") is a municipal agency organized under the laws of the Commonwealth of Pennsylvania that has its principal place of business at 301 East Montgomery Avenue, Ardmore, Pennsylvania 19003.

3.    Admitted.  Lower Merion Defendants clarify that the correct name for "Board of Directors of the Lower Merion School District" is Lower Merion School District Board of School Directors (the "Board").

4.      Admitted in part, denied in part.  Lower Merion Defendants admit that

Defendant Christopher W. McGinley is the Superintendent of the School District and that his

office is located at 301 East Montgomery Avenue, Ardmore, Pennsylvania 19003.  Lower

Merion Defendants also admit that Dr. McGinley is a citizen and resident of the Commonwealth

of Pennsylvania.  Lower Merion Defendants further admit that, as a general matter, Dr.

McGinley, as the School District's Superintendent, performs and supervises the administration of

the School District, including implementation of directives of the Board.

5.      Admitted.

## II.      JURISDICTION and VENUE

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

## III.      FACTS

10.      Admitted in part, denied in part.  Lower Merion Defendants admit that

Graphic Arts issued to the School District a Commercial General Liability Policy, Policy

Number CPP 1672167, for the Policy Period from July 1, 2009 to July 1, 2012 (hereinafter, the

"Graphic Arts Policy" or "Policy").  Lower Merion Defendants further admit that a full and

compete copy of the Policy, which is bates-stamped, is attached to the Complaint as Exhibit A.

Lower Merion Defendants further answer that the Graphic Arts Policy is a written document, the

terms of which speak for themselves.  Therefore, to the extent that the remaining allegations in

paragraph 10 purport to characterize the Policy, such allegations are denied to the extent that they are inconsistent with the terms of the Policy and/or do not reflect the Policy in its entirety.

      11.      Admitted.

      12.      Admitted.

      13.      Admitted in part, denied in part. Lower Merion Defendants admit that Graphic Arts forwarded to Lower Merion Defendants a purported "reservation of rights" letter. That letter, however, is a written document, the terms of which speak for themselves. Therefore, to the extent that the remaining allegations in paragraph 13 purport to characterize the letter, such allegations are denied to the extent that they are inconsistent with the terms of the letter and/or do not reflect the letter in its entirety.

      14.      Admitted.

## IV.    THE ROBBINS COMPLAINT

      15.      Denied. The allegations in paragraph 15 purport to characterize a written document, the terms of which speak for themselves. Therefore, such allegations are denied to the extent that they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

      16.      Denied. The allegations in paragraph 16 purport to characterize a written document, the terms of which speak for themselves. Therefore, such allegations are denied to the extent that they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

17.     Denied.  The allegations in paragraph 17 purport to characterize a written document, the terms of which speak for themselves.  Therefore, such allegations are denied to the extent that they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

18.     Denied.  The allegations in paragraph 18 purport to characterize a written document, the terms of which speak for themselves.  Therefore, such allegations are denied to the extent that they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

## V.     THE POLICY PROVISIONS

19.     Denied.  The allegations in paragraph 19 purport to characterize a written document, the terms of which speak for themselves.  Therefore, such allegations are denied to the extent that they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

20.     Denied.  The allegations in paragraph 20 purport to characterize a written document, the terms of which speak for themselves.  Therefore, such allegations are denied to the extent that they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

21.     Denied.  The allegations in paragraph 21 constitute conclusions of law to which no response is required.  To the extent that a response is required, Lower Merion Defendants deny said allegations.

22.     Denied. The allegations in paragraph 22 purport to characterize a written document, the terms of which speak for themselves. Therefore, such allegations are denied to the extent that they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

23.     Denied. The allegations in paragraph 23 purport to characterize a written document, the terms of which speak for themselves. Therefore, such allegations are denied to the extent that they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

24.     Denied. The allegations in paragraph 24 purport to characterize a written document, the terms of which speak for themselves. Therefore, such allegations are denied to the extent that they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

25.     Denied. The allegations in paragraph 25 purport to characterize a written document, the terms of which speak for themselves. Therefore, such allegations are denied to the extent that they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

26.     Denied. The allegations in paragraph 26 constitute a conclusion of law to which no response is required. To the extent that a response is required, Lower Merion Defendants deny said allegations. Lower Merion Defendants further state that the allegations in paragraph 26 also purport to characterize a written document, the terms of which speak for themselves. Therefore, such allegations are denied to the extent that they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

27.     Denied. The allegations in paragraph 27 constitute a conclusion of law to which no response is required. To the extent that a response is required, Lower Merion Defendants deny said allegations. Lower Merion Defendants further state that the allegations in paragraph 27 also purport to characterize a written document, the terms of which speak for themselves. Therefore, such allegations are denied to the extent that they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

28.     Denied. The allegations in paragraph 28 constitute conclusions of law to which no response is required. To the extent that a response is required, Lower Merion Defendants deny said allegations. Lower Merion Defendants further state that the allegations in paragraph 28 also purport to characterize a written document, the terms of which speak for themselves. Therefore, such allegations are denied to the extent that they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

29.     Denied. The allegations in paragraph 29 constitute conclusions of law to which no response is required. To the extent that a response is required, Lower Merion Defendants deny said allegations. Lower Merion Defendants further state that the allegations in paragraph 29 also purport to characterize a written document, the terms of which speak for themselves. Therefore, such allegations are denied to the extent that they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

30.     Denied. The allegations in paragraph 30 purport to characterize a written document, the terms of which speak for themselves. Therefore, such allegations are denied to the extent that they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

31.     Denied.  The allegations in paragraph 31 purport to characterize a written document, the terms of which speak for themselves.  Therefore, such allegations are denied to the extent that they are inconsistent with the terms of the written document and/or do not reflect the document in its entirety.

32.     Denied.  The allegations in paragraph 32 constitute a conclusion of law to which no response is required.  To the extent that a response is required, Lower Merion Defendants deny said allegations.

WHEREFORE, Defendants, Lower Merion School District, Lower Merion School District Board of School Directors, and Christopher W. McGinley, respectfully request that this Court award judgment in their favor against Plaintiff, Graphic Arts Mutual Insurance Company, dismissing its Complaint with prejudice, awarding Lower Merion Defendants costs associated with this action, and awarding Lower Merion Defendants all other relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Lower Merion Defendants have performed and fulfilled each and every duty owed by them under the Graphic Arts Policy.

### THIRD AFFIRMATIVE DEFENSE

Lower Merion Defendants are entitled to coverage under the terms and conditions of the Graphic Arts Policy.

## JURY TRIAL DEMAND

Defendants, Lower Merion School District, Lower Merion School District Board of School Directors, and Christopher W. McGinley, demand a trial by jury.

## COUNTERCLAIM OF LOWER MERION SCHOOL DISTRICT, LOWER MERION SCHOOL DISTRICT BOARD OF SCHOOL DIRECTORS, AND CHRISTOPHER W. MCGINLEY

Counterclaim-Plaintiffs, Lower Merion School District, Lower Merion School District Board of School Directors, and Christopher W. McGinley (collectively, "Lower Merion Counterclaim-Plaintiffs"), for their counterclaim against Counterclaim-Defendant, Graphic Arts Mutual Insurance Company, state as follows:

## I.   THE PARTIES

1.   Counterclaim-Plaintiff Lower Merion School District (the "School District") is organized under the laws of the Commonwealth of Pennsylvania and has its principal place of business in Pennsylvania.

2.   Counterclaim-Plaintiff Lower Merion School District Board of School Directors (the "Board") is a duly elected nine-member board of School Directors with offices in the Commonwealth of Pennsylvania.

3.   Counterclaim-Plaintiff Christopher W. McGinley is the Superintendent of Lower Merion School District and is a resident and citizen of the Commonwealth of Pennsylvania.

4.   Counterclaim-Defendant Graphic Arts Mutual Insurance Company ("Graphic Arts") is a New York corporation with its principal place of business in New York.

Graphic Arts engages in and transacts the business of insurance in the Commonwealth of Pennsylvania.

## II.     JURISDICTION and VENUE

5.     Jurisdiction is based on 28 U.S.C. § 1332.  There is complete diversity between Counterclaim-Plaintiffs and Counterclaim-Defendant, and the amount in controversy for the Counterclaim-Plaintiffs' claims exceeds the sum or value of $75,000, exclusive of interest and costs.

6.     Venue is proper as the parties all reside and/or conduct business within the Eastern District of Pennsylvania.  In addition, a substantial part of the events giving rise to the claims alleged in this action occurred in the Eastern District of Pennsylvania.  Counterclaim-Defendant Graphic Arts has also subjected itself to the personal jurisdiction of this Court by commencing the above-captioned matter. *See* 28 U.S.C. § 1391.

## III.    FACTUAL ALLEGATIONS

7.     Lower Merion Counterclaim-Plaintiffs incorporate by reference their above-stated responses to the allegations in Graphic Arts Complaint as if set forth fully herein.

8.     Graphic Arts issued to the School District a Commercial General Liability insurance policy, Policy Number CCP 1672167, for the Policy Period of July 1, 2009 through July 1, 2012 (the "Graphic Arts Policy" or "Policy").  A full and complete copy of the Policy is attached to the Graphic Arts Complaint as Exhibit A.

9.     The School District, the Board, and Christopher W. McGinley are insureds under the Policy.

10.     On or about February 16, 2010, an action captioned *Robbins, et al. v. Lower Merion School District, et al.*, Civil Action No. 2:10-cv-665, was commenced in this Court against Lower Merion Counterclaim-Plaintiffs (the "Underlying Action").  A true and correct copy of the Underlying Complaint is attached to the Graphic Arts Complaint as Exhibit B.

11.     The Underlying Action seeks damages from Lower Merion Counterclaim-Plaintiffs.

12.     Lower Merion Counterclaim-Plaintiffs timely tendered the Underlying Complaint to Graphic Arts for defense and indemnity coverage against the claims alleged therein.

13.     In response to the tender, Graphic Arts has provided limited defense coverage and also issued a letter to the School District in which Graphic Arts purportedly reserved its rights under the Graphic Arts Policy in connection with the Underlying Action.

14.     To date, Graphic Arts has not fully paid for all of the defense costs and fees incurred by Lower Merion Counterclaim-Plaintiffs in their investigation of and defense against the allegations in the Underlying Action.

15.     On or about April 16, 2010, Graphic Arts commenced the above-captioned action, alleging that it does not owe Lower Merion Counterclaim-Plaintiffs a duty to defend or indemnify them in connection with the Underlying Action.

## COUNT I

## DECLARATORY JUDGMENT

16.     Lower Merion Counterclaim-Plaintiffs incorporate by reference the above-stated allegations as if set forth fully herein.

17.     Lower Merion Counterclaim-Plaintiffs seek a declaration of their rights and obligations, and the rights and obligations of Graphic Arts, under the Graphic Arts Policy.

18.     An actual controversy exists between Lower Merion Counterclaim-Plaintiffs and Graphic Arts as to their rights and obligations under the Graphic Arts Policy. Graphic Arts asserts that it need not defend or indemnify Lower Merion Counterclaim-Plaintiffs, and Lower Merion Counterclaim-Plaintiffs disagree with the assertions of Graphic Arts.

WHEREFORE, Counterclaim-Plaintiffs, Lower Merion School District, Lower Merion School District Board of School Directors, and Christopher W. McGinley, demand judgment against Counterclaim-Defendant, Graphic Arts Mutual Insurance Company, as follows:

(a)     A declaratory judgment that Graphic Arts owes Lower Merion Counterclaim-Plaintiffs a complete defense against, and full indemnification for any settlement or judgment resulting from, the allegations made in the Underlying Action; and

(b)     Such other relief as the Court deems just and appropriate.

## COUNT II

## **BREACH OF CONTRACT**

19.     Lower Merion Counterclaim-Plaintiffs incorporate by reference the above-stated allegations as if set forth fully herein.

20.     Under the Graphic Arts Policy, Graphic Arts must provide Lower Merion Counterclaim-Plaintiffs a complete defense and must fully indemnify Lower Merion Counterclaim-Plaintiffs for any settlement or judgment resulting from the allegations made in the Underlying Action.

21.     Graphic Arts has breached its obligation to provide a complete defense by declining to fully pay for the defense costs and fees incurred by Lower Merion Counterclaim-Plaintiffs in connection with the investigation of and defense against the allegations of the Underlying Action.

22.     The failure of Graphic Arts to pay for all of the defense costs and fees incurred by Lower Merion Counterclaim-Plaintiffs in the investigation of and defense against the allegations of the Underlying Action constitutes a breach of the Graphic Arts Policy.

23.     Graphic Arts is in anticipatory breach of the Graphic Arts Policy to fully indemnify Lower Merion Counterclaim-Plaintiffs for any settlement or judgment resulting from the allegations made in the Underlying Action.

24.     Lower Merion Counterclaim-Plaintiffs have suffered and will suffer damages as a result of said breach and anticipatory breach of the Graphic Arts Policy.

WHEREFORE, Counterclaim-Plaintiffs, Lower Merion School District, Lower Merion School District Board of School Directors, and Christopher W. McGinley, demand judgment against Counterclaim-Defendant, Graphic Arts Mutual Insurance Company, as follows:

(a)     An award of damages for all fees and costs incurred by Lower Merion Counterclaim-Plaintiffs in the investigation of and defense against the allegations made in the Underlying Action that have not been paid by Graphic Arts; and

(b)     Such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Counterclaim-Plaintiffs, Lower Merion School District, Lower Merion School District Board of School Directors, and Christopher W. McGinley, demand a trial by jury.


Dated:  May 28, 2010               /s/ Douglas Christian
                                   Douglas Y. Christian, Esquire (No. 41934)
                                   Joshua A. Mooney, Esquire (No. 85945)
                                   BALLARD SPAHR LLP
                                   1735 Market Street, 51st Floor
                                   Philadelphia, PA  19103
                                   (215) 864-8404/8268
                                   christiand@ballardspahr.com
                                   mooneyj@ballardspahr.com

                                   Attorneys for Lower Merion School District,
                                   Lower Merion School District Board of School
                                   Directors, and Christopher W. McGinley

## CERTIFICATE OF SERVICE

I certify that on May 28, 2010, I caused a true and correct copy of the foregoing

Answer and Counterclaim to be served via the Court's ECF Notice System upon all counsel of

record.

/s/ Joshua A. Mooney
Joshua A. Mooney