UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRAPHIC ARTS MUTUAL INSURANCE COMPANY | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| LOWER MERION SCHOOL DISTRICT, THE BOARD OF DIRECTORS OF LOWER MERION SCHOOL DISTRICT, CHRISTOPHER W. MCGINLEY, Superintendent of Lower Merion School District, and BLAKE J. ROBBINS, a minor, by his Parents and Natural Guardians, MICHAEL E. ROBBINS and HOLLY S. ROBBINS | : | NO. 10 1707 |

**ANSWER AND AFFIRMATIVE DEFENSES OF GRAPHIC ARTS MUTUAL INSURANCE COMPANY TO COUNTERCLAIM BY LOWER MERION SCHOOL DISTRICT, THE BOARD OF DIRECTORS OF LOWER MERION SCHOOL DISTRICT AND CHRISTOPHER W. MCGINLEY**

Plaintiff and Counterclaim-Defendant, Graphic Arts Mutual Insurance Company, hereby responds to the Counterclaim of the Lower Merion School District, Lower Merion School District Board of School Directors and Christopher W. McGinley as follows:

**I.   THE PARTIES**

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.

**II.   JURISDICTION and VENUE**

5. Admitted.
6. Admitted.

### III. FACTUAL ALLEGATIONS

7. Counterclaim-Defendant, Graphic Arts, similarly incorporates by reference herein the allegations of its initial Complaint for Declaratory Judgment.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted in part and denied in part. The <u>Robbins</u> Complaint filed in the underlying action is a writing which speaks for itself.

12. Admitted.

13. Admitted in part and denied in part. The Reservation of Rights letter issued by Graphic Arts to the School District is a writing the terms of which speak for themselves.

14. Admitted in part and denied in part. It is admitted only that Graphic Arts has not yet made payment for any defense costs or fees claimed to have been incurred by the Lower Merion Counterclaim-Plaintiffs in their investigation and defense of the underlying <u>Robbins</u> litigation. By way of further response, Graphic Arts stands by the coverage position communicated to the Lower Merion Counterclaim-Plaintiffs in their Reservation of Rights letter and subsequent communications.

15. Admitted.

### COUNT I
### DECLARATORY JUDGMENT

16. Counterclaim-Defendant Graphic Arts Mutual Insurance Company hereby incorporates by reference its above-stated responses to the corresponding averments.

17. Admitted.

18. Admitted.

WHEREFORE, Counterclaim-Defendant, Graphic Arts Mutual Insurance Company, again prays this Honorable Court for a judicial declaration pursuant to 28 U.S.C. §2201 declaring that:

1. The claims asserted in the Robbins Complaint against the School District Defendants are outside the scope of the Personal Injury coverage contained in the Graphic Arts policy issued to the School District;

2. Graphic Arts has no duty to defend the School District Defendants in connection with the Robbins' lawsuit pending in this Court at Civil Action No. 2:10-CV-665-JD;

3. Graphic Arts has no duty to indemnify the School District Defendants in connection with the Robbins' lawsuit pending in this Court at Civil Action No. 2:10-CV-665-JD; and

4. Enter such other relief as the Court deems appropriate under the facts alleged in the Robbins Complaint, the terms and provisions of the Policy, and the law.

## COUNT II
## BREACH OF CONTRACT

19. Counterclaim-Defendant Graphic Arts Mutual Insurance Company, similarly incorporates by reference herein its above-stated responses to the corresponding averments.

20. Denied. Pursuant to the terms and conditions of the subject insurance policy issued by Graphic Arts to the Lower Merion Counterclaim-Plaintiffs, and for the reasons set forth in Graphic Arts' own Complaint for Declaratory Judgment, there is no duty to defend or indemnify the Counterclaim-Plaintiffs in connection with the underlying Robbins Action.

21. Denied. Graphic Arts specifically denies that it has breached any obligations owed to the Lower Merion Counterclaim-Plaintiffs.

22. Denied. Graphic Arts specifically denies that it has breached any provision contained in the Graphic Arts policy. To the contrary, it was the Counterclaim-Plaintiffs who violated the

clear and unambiguous terms and conditions contained in the subject Graphic Arts insurance policy by unilaterally retaining its own counsel without any consultation or consent of Graphic Arts, and unilaterally and voluntarily assuming other obligations and incurring other expenses without the consent or approval of the insurer. In that regard, the policy of insurance explicitly states:

    **SECTION IV. – COMMERCIAL GENERAL LIABILITY CONDITIONS**

    2.    **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

        d.    No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

(See Exhibit A to Graphic Arts Complaint, POL0088-0089).

By unilaterally retaining counsel and incurring other obligations and expenses without the approval and consent of the insurer, it was the Counterclaim-Plaintiffs who have violated and breached the conditions of the policy.

23. Denied. For all of the reasons set forth in its own Complaint for Declaratory Judgment, Graphic Arts denies that it is obligated to indemnify the Counterclaim-Plaintiffs for the claims set forth in the underlying Robbins Action.

24. Denied.

WHEREFORE, Counterclaim-Defendant, Graphic Arts Mutual Insurance Company, respectfully prays this Honorable Court to enter judgment in its favor and against Counterclaim-Plaintiffs with regard to Count II of their Counterclaim.

## FIRST AFFIRMATIVE DEFENSE

The Counter-Claim fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Under the clear and unambiguous terms of the policy of insurance issued by Graphic Arts Mutual Insurance Company to the Lower Merion School District, and the facts as alleged on the face of the Complaint filed in the underlying Robbins case, that Complaint does not allege any claim falling within the several enumerated categories of "personal injury", such that there is no duty to defend or indemnify the Lower Merion Counterclaim-Plaintiffs in connection with the Robbins litigation.

## THIRD AFFIRMATIVE DEFENSE

In addition to the fact that the claims set forth in the underlying Robbins case do not fall within the enumerated categories of "personal injury" as set forth in the subject insurance policy, there are other exclusions and/or limitations of coverage which are contained in the policy and pleaded in detail in paragraphs nineteen (19) through thirty-two (32) of Graphic Arts' Complaint for Declaratory Judgment, which paragraphs are incorporated herein by reference as if repeated in their entirety.

## FOURTH AFFIRMATIVE DEFENSE

Counterclaim-Defendant Graphic Arts is advised and therefore avers that Counterclaim-Plaintiffs violated and breached the unambiguous policy conditions by unilaterally and voluntarily retaining its own counsel without consultation with or the consent of Graphic Arts in violation of Commercial General Liability Condition 2(d), which provides:

>   d.   No insureds will, except at their own cost, voluntarily make
>        a payment, assume any obligation, or incur any expense,
>        other than for first aid, without our consent.

(See Exhibit A to Graphic Arts Complaint, POL 0089).

### FIFTH AFFIRMATIVE DEFENSE

Counterclaim-Defendant Graphic Arts is advised and therefore avers that Counterclaim-Plaintiffs violated and breached the unambiguous policy conditions by unilaterally and voluntarily retaining its own consultants without consultation with or the consent of Graphic Arts in violation of the aforesaid Condition 2(d).

### SIXTH AFFIRMATIVE DEFENSE

Counterclaim-Defendant Graphic Arts is advised and therefore avers that Counterclaim-Plaintiffs have violated and breached Commercial General Liability Condition 2(c)(3) by failing to cooperate in the investigation and/or defense of the Underlying Robbins Action, including but not limited to their maintaining sole and exclusive control over the defense of the litigation and failing to provide any information regarding the litigation to the insurer.

### SEVENTH AFFIRMATIVE DEFENSE

Counterclaim-Defendant Graphic Arts is advised and therefore avers that the Graphic Arts Policy Number 1672167 does not give to the insured the right to unilaterally select and retain its own defense counsel or other consultants, or the right to solely and exclusively control the litigation of the claim or claims asserted against the insured.  By the Lower Merion Counterclaim-Plaintiffs' proceeding to defend themselves in that fashion in the underlying Robbins case, they have breached and continue to breach the policy's conditions and their duties to cooperate.

### EIGHTH AFFIRMATIVE DEFENSE

Counterclaim-Defendant Graphic Arts is advised and therefore avers that Counterclaim-Plaintiff's unilateral and voluntarily retention of legal counsel and/or other paid consultants and advisors includes the performance of tasks and activities beyond and outside the scope of

defending against the Underlying <u>Robbins</u> lawsuit, including but not limited to tasks and activities related to federal and/or state criminal investigations, grand jury activities, public relations activities, the development of future policies and protocols for the School District, and other such activities not reasonably related to the defense of the <u>Robbins</u> lawsuit. Without denying the School District's rights and/or needs to engage its own counsel and/or consultants to assist in the performance of such activities, Graphic Arts would have no obligation to provide or fund any such extraneous activities even if, <u>arguendo</u>, the <u>Robbins</u> claim were potentially covered.

### **NINTH AFFIRMATIVE DEFENSE**

It is contrary to public policy to afford insurance coverage for punitive damages.

### **TENTH AFFIRMATIVE DEFENSE**

It is contrary to public policy to afford insurance coverage for claims arising out of surreptitious remote video surveillance such as is alleged in the Underlying <u>Robbins</u> Action.

WHEREFORE, Counterclaim-Defendant Graphic Arts Mutual Insurance Company prays this Honorable Court to enter judgment in its favor and against the Counterclaim-Plaintiffs on their Counterclaim.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: _____
R. BRUCE MORRISON, ESQUIRE
Attorney for Plaintiff,
Graphic Arts Mutual Insurance Company
Atty. ID. No. 34797
1845 Walnut Street, 18th Floor
Philadelphia, PA  19103
(215) 575-2624

01/5901870.v1